Citation Nr: 1533656 
Decision Date: 08/06/15 Archive Date: 08/20/15

DOCKET NO. 10-39 501 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Winston-Salem, North Carolina


THE ISSUE

Entitlement to service connection for a skin condition, claimed as a rash of the upper body, chest, back and arms.


WITNESSES AT HEARING ON APPEAL

The Veteran and K.J.


ATTORNEY FOR THE BOARD

M. Elias, Associate Counsel



INTRODUCTION

The Veteran served on active duty from January 1990 to May 1990 and December 2003 to April 2005.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from December 2008 and November 2009 rating decisions of the Department of Veterans Affairs (VA) Regional Office (RO) in Nashville, Tennessee. Jurisdiction was subsequently transferred to the RO in Winston-Salem, North Carolina.

The Veteran and his witness testified at a hearing before the undersigned Veterans Law Judge (VLJ) in August 2014. A transcript is of record.

The Board remanded this claim in October 2014 for further development. It now returns for appellate review.

The Board notes that a claim of entitlement to service connection for a low back disorder was previously on appeal before the Board. This claim has since been granted in a March 2015 rating decision. Accordingly, it is no longer in appellate status. See Grantham v. Brown, 114 F.3d 1156, 1158-59 (Fed. Cir. 1997) (where an appealed claim for service connection is granted during the pendency of the appeal, a second Notice of Disagreement (NOD) must be timely filed to initiate appellate review of "downstream" issues such as the rating assigned for the disability or the effective date of service connection).

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.



REMAND

While the Board sincerely regrets the delay, the claim must be remanded so as to ensure substantial compliance with the Board's prior remand directives.

The Board's June 2014 remand directives instructed the AOJ to obtain the Veteran's VA treatment records from the medical center in Memphis, Tennessee dated since April 2011 and from the medical center in Fayetteville, North Carolina dated since February 2013. However, the VA treatment records associated with the claims file on remand were the Veteran's records from the medical center in Memphis, Tennessee dated up through April 2011 and from the medical center in Fayetteville, North Carolina dated up through February 2013.

Consequently, the case must be remanded for further action, as there has not been substantial compliance with the Board's remand directives. See Stegall v. West, 11 Vet. App. 268, 271 (1998); (holding that a remand by the Board confers upon the Veteran, as a matter of law, the right to compliance with its remand instructions, and imposes upon VA a concomitant duty to insure compliance with the terms of the remand); see also D'Aries v. Peake, 22 Vet. App. 97, 105 (2008) (holding that only substantial rather than strict compliance with the Board's remand directives is required under Stegall).

In addition, as the VA examiner did not have the Veteran's complete treatment records at the time of the February 2015 VA examination, a new VA examination is warranted. Finally, the 2015 VA examination report did not sufficiently address the issue of whether or not the Veteran's symptoms represent an objective indication of a chronic disability resulting from an undiagnosed illness.

Accordingly, the case is REMANDED for the following action:

1. Make arrangements to obtain the Veteran's treatment records from the Memphis, Tennessee VA Medical Center, dated from April 2011 to the present.

2. Make arrangements to obtain the Veteran's treatment records from the Fayetteville, North Carolina VA Medical Center, dated from April 2013 to the present.

3. Thereafter, schedule the Veteran for a VA skin examination and/or Persian Gulf Undiagnosed Illness examination. 

Reasonable efforts should be made to schedule the skin examination(s) at a time when the Veteran's claimed skin condition is active.

All indicated tests and studies are to be performed. In conjunction with the examination(s), the claims folder must be made available to the examiner(s) for review. A notation to the effect that this record review took place should be included in the report(s). Following a comprehensive examination(s), the examiner(s) should:

a) Note all symptoms and diagnoses associated with any current skin rash/disorder.

b) Identify all diagnosed skin rashes/disorders that have been present at any time since October 2008. Then, opine as to whether any such disability at least as likely as not (50 percent or greater probability) had its clinical onset during active service, or is related to any in-service disease, event, or injury. The examiner should specifically comment on the Veteran's in-service report of a rash in March 2005.

c) Identify all objective indications of any chronic skin problems that have been present at any time since October 2008. If a skin rash is not found to be due to a specific disease entity or clinically diagnosed condition, indicate whether the symptoms represent an objective indication of a chronic disability resulting from an undiagnosed illness.

All examination findings, along with the complete rationale for all opinions expressed, should be set forth in the examination report(s).

4. After completing the requested actions, and any additional notification and/or development deemed warranted, readjudicate the claim on appeal in light of all pertinent evidence and legal authority. If the benefit sought on appeal remains denied, furnish to the Veteran and his representative (if any) an SSOC and afford them the appropriate time period for response before the claims file is returned to the Board for further appellate consideration.

The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



_________________________________________________
P. M. DILORENZO
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2014).